UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAA AL JABER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-12520-IT |
| | * | |
| JEFFERSON B. SESSIONS, U.S. Attorney | * | |
| General; JAMES MCHENRY, Director | * | |
| Executive Office for Immigration Review; | * | |
| and REBECCA ADDUCCI, Interim Field | * | |
| Office Director, Massachusetts District, | * | |
| Immigration and Customs Enforcement, | * | |
| | * | |
| Respondents.[1] | * | |

ORDER

August 17, 2018

TALWANI, D.J.

Respondents' Motion to Dismiss [#34][2] seeks dismissal of Petitioner Alaa Al Jaber's

Amended Complaint [#32][3] for lack of subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure 12(b)(1). Respondents assert that Petitioner's claim for relief is moot as

[1] In a prior Order [#5], the court held that Antone Moniz, Superintendent of the Plymouth County Correctional Facility where Petitioner was held when the original petition was filed, would be the sole respondent in this action. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000). Al Jaber's Amended Complaint [#32] named the individuals listed above and Lori Streeter, as Superintendent of the Franklin County House of Corrections, where Petitioner was held at the time of that filing. Consistent with the earlier order, the court directed that Streeter be substituted for Moniz as the sole Respondent. See Order [#33]. As Petitioner is no longer in Streeter's custody, the court has substituted back in the three federal Respondents named in the Amended Complaint [#32].

[2] The Motion to Dismiss does not identify the Respondents on whose behalf the motion is filed. The Assistant United States Attorney who has signed the motion is counsel of record for Attorney General Sessions as well as Moniz and Streeter, and accordingly, the court treats the motion as filed on behalf of these Respondents.

[3] This case's procedural history that led up to the filing of the Amended Complaint [#32] is detailed in the court's Order [#33].

Petitioner, a former immigration detainee, has now been released from custody. For the reasons that follow, Respondents' Motion to Dismiss [#34] is DENIED.

As alleged in Petitioner's Amended Complaint [#32], Petitioner was ordered removed to Iraq on April 6, 2005; was subsequently released when Immigration and Customs Enforcement ("ICE") was unable to remove him to Iraq; and was rearrested and taken into ICE custody on June 26, 2017. Am. Compl. ¶¶ 1-2. Following Petitioner's arrest, an Immigration Judge granted Petitioner's motion to reopen proceedings and on May 30, 2018, granted his application for deferral of removal to Iraq under the Convention Against Torture ("CAT"), finding it more likely than not that Petitioner will be tortured if he is removed to Iraq. Id. ¶ 3; id. Ex. A (Immigration Court Order Granting CAT Relief). The Immigration Judge held a bond hearing on June 20, 2018, and set Petitioner's bond at $20,000. Id. ¶ 4; id. Ex. B (Immigration Court Bond Order).

Petitioner's Amended Complaint [#32] challenges the bond hearing and the setting of a $20,000 bond as violations of the Immigration and Nationality Act, 8 U.S.C. § 1226, the Due Process Clause and Equal Protection Guarantee of the Fifth Amendment to the United States Constitution, and the Excessive Bail Clause of the Eighth Amendment to the United States Constitution. The Amended Complaint [#32] seeks: a writ of habeas corpus ordering that Petitioner be released or, alternatively, that a constitutionally correct bond hearing be held before this court or before an Immigration Judge; that the government be ordered to prepare a full transcript of the June 20, 2018, bond redetermination hearing and to create and prepare a contemporaneous record of any future bond redetermination hearing; and that the court grant other and further relief as the court deems just and proper.

Respondents filed a Declaration from ICE Assistant Field Office Director Aldean Beaumont in support of their Motion to Dismiss [#34]. Beaumont writes that, "[u]pon review of

the official records available to me as an Assistant Field Office Director for ICE, I declare that

Alaa Al Jaber was released from ICE custody on June 29, 2018, and is not now in ICE custody."

Mem. in Supp. of Mot. to Dismiss Ex. 1 (Beaumont Decl.) ¶ 4 [#35-1]. Respondents argue that,

in light of the information in the Beaumont Declaration, this case is moot.

When events render an action moot, a federal court is deprived of jurisdiction over that

action. A case is rendered moot if "the issues presented are no longer live," if "the parties lack a

legally cognizable interest in the outcome," if "the court cannot give any effectual relief to the

potentially prevailing party," or if "events have transpired to render a court opinion merely

advisory." Am. Civil Liberties Union of Mass. v. United States Conference of Catholic Bishops,

705 F.3d 44, 52 (1st Cir. 2013) (internal citations and quotations omitted). "The burden of

establishing mootness rests with the party invoking the doctrine." Id. at 53.

Respondents contend that ICE's conduct in releasing Petitioner from custody – that is,

ICE's voluntary cessation of the practice that Petitioner challenges in this action – renders this

case moot. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does

not deprive a federal court of its power to determine the legality of the practice.'" Friends of the

Earth, Inc. v. Laidlaw Env'l Servs., Inc., 528 U.S. 167, 189 (2000) (quoting City of Mesquite v.

Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)). "If it did, courts would be compelled to leave

'the defendant free to return to his old ways.'" Id. (quoting United States v. W.T. Grant Co., 345

U.S. 629, 632 (1953)). "[A] defendant claiming that its voluntary compliance moots a case bears

the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior

could not reasonably be expected to recur." Id. at 190. Respondents have not met this burden.

The Beaumont Declaration is devoid of any information regarding the grounds on which

Petitioner was released and fails to provide any basis for concluding that the conduct Petitioner challenges will not occur again in the future.[4]

Further, the conduct that Petitioner challenges falls into the "exception to the mootness doctrine for a controversy that is capable of repetition, yet evading review." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1540 (2018) (internal quotations omitted). This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." Id. (quoting Turner v. Rogers, 564 U.S. 431, 439-40 (2011)). It is not at all clear what Assistant Field Office Director Beaumont means when he states that Petitioner is "not now" in ICE custody. Absent from the Declaration is any description of the terms on which ICE released Petitioner, or for how long they will remain in place. In any event, ICE may rearrest Petitioner at any time. See 8 U.S.C. § 1226(b). Because Petitioner may be subject to future detention, and such detention may be followed by a bond hearing subject to the same constitutional and statutory challenges, Petitioner's Amended Complaint [#32] presents a controversy that is "capable of repetition yet evading review." Kingdomware Tech., Inc. v. United States, 136 S. Ct. 1969, 1976 (2016) (internal quotations omitted); cf. Diop v. ICE/Homeland Sec., 656 F.3d 221, 232-33 (3d Cir. 2011); Rosales-Garcia v. Holland, 322 F.3d 386, 394-97 (6th Cir. 2003).

---

[4] There are other critical flaws in the Beaumont Declaration. The Declaration is not made on the declarant's personal knowledge and does not show the declarant is competent to testify on the matters stated. Cf. Fed. R. Civ. P. 56(c)(4). Nor does it merely authenticate business records or other documents for this court's review. Instead, the declarant gives his opinion based on his review of unidentified documents in Petitioner's record. The court previously had to address inaccuracies caused by ICE's proffer of such vague declarations (including by this declarant) in another case (see, e.g., Krynicki v. Smith, No. 17-cv-12314 (D. Mass. August 7, 2018), ECF No. 39 at 3), and finds ICE's continued reliance on such declarations unhelpful.

For the foregoing reasons, Respondents have not met their burden to show that Petitioner's case is moot. Accordingly, Respondents' Motion to Dismiss [#34] is DENIED.

Respondents shall answer Petitioner's Amended Complaint [#32] within fourteen days.

IT IS SO ORDERED

August 17, 2018                                    /s/ Indira Talwani
                                                   United States District Judge